IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEANNIE L. COSBY,<br>　　Petitioner,<br><br>VS.<br><br>JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>　　Respondent. | §<br>§<br>§<br>§　Civil Action No. 4:12-CV-110-Y<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Jeannie L. Cosby, Reg. No. 16689-058, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

On June 13, 2007, pursuant to a plea agreement, petitioner pleaded guilty to one count of conspiracy to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and

841(a)(1), in the United States District Court for the Western District of North Carolina. (Resp't App. at 11) *See also United States v. Cosby*, U.S. Pacer, Criminal Docket for Case No. 1:07-CR-033-MR-3, docket entries for 6/7/2007 and 6/13/2007. On October 31, 2007, petitioner was sentenced as a career offender to a term of 168 months' imprisonment. *Id.* docket entry for 10/31/2007. Petitioner did not directly appeal her conviction or sentence. (Pet.[1]) However, since January 2008 petitioner has filed a plethora of motions to reduce her sentence in the convicting court, some of which were denied and some of which remain pending at this time. *Cosby*, U.S. Pacer, Criminal Docket for Case No. 1:07-CR-033-MR-3, docket entry nos. 209, 212, 264, 271, 342, 343, 347, 364, 366, 384, 395, 402, 442.

Petitioner filed this federal petition under § 2241 in this division, where she is currently incarcerated. She raises one ground for habeas relief, in which she claims she was "sentenced as a career offender without proper justification," given that she was "wrongly charged with multiple [drug] offenses that did not apply placing [her] in career offender status." (Pet.) In support, petitioner argues that her prior convictions were not punishable by imprisonment for a term exceeding one year and, thus, do not qualify as predicate felony convictions for purposes of classifying her as a career offender under the recent decision of the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 2-4)

D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal

---

[1]The petition is not paginated.

2

prisoner may collaterally attack the legality of his or her sentence. *Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) the was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner claims a § 2255 motion has not been filed regarding the claim raised herein because the § 2255 statute of limitations would bar the issue at this time. However, the fact that petitioner is barred under the statute of limitations from bringing a motion under § 2255 does not render the § 2255 remedy inadequate. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations. *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver,* 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Nor is petitioners's claim in nature of a claim that she is innocent of her drug conspiracy conviction. *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to

3

consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 16, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 16, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June ___26___, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE